ORIGINAL

FILED
NOV 2 0 2006
U.S. COURT OF FEDERAL CLAIMS

November 9, 2006, Tuesday
Jeffrey D. Moffatt, Attorney
Attorney for: All Creatures Veterinary Service Inc.
43625 N Sierra Hwy, Suite A
Lancaster CA 93534
(661) 945-6121
FAX (661) 945-3019
EMAIL: Jeffreymbajd@hotmail.com

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALL CREATURES VETERINARY SERVICES, INC.
Petitioner

V.

No. 06-780 T

COMMISSIONER OF THE
INTERNAL REVENUE SERVICE
DEFENDANT

COMPLAINT FOR WRONGFUL PENALTY AND INTEREST ASSESSMENT BY THE IRS, AS WELL AS FAILURE TO PAY INTEREST ON OVERPAYMENTS TO PETITIONER.

A. NATURE OF THE ACTION AND BACKGROUND OF CASE.

1. This is a civil action for Statutory interest for overpayment of funds, as well as an action regarding the wrongful assessment of Interest on penalties, which have been abated, and the few penalties that have still not been abated. This case

revolves around All Creatures Veterinary Services, Inc. The EIN is 95-3944238. The years in question are from 1998 through to 11-6-06 and continuing to accrue.

2. The IRS has wrongfully caused Petitioner to incur 940 and 941 penalties from 1998 to present. Despite the penalties and interest being issued in error, Petitioner started to pay those penalties in the amount of $2500.00 per month.
3. Petitioner after being issued multiple notices regarding levy engaged Petitioner's Counsel to assist with the erroneous penalty and interest assessment by Defendant.
4. Petitioner's Counsel has worked with Defendant for over 2 years attempting to get the penalties removed, based upon the IRS Penalty Policy Statement P-1-18, which focuses upon the question of encouraging compliant conduct.
5. Petitioner's Principal owner, Larry Franklin Bosma, was involved in local politics, and when a disgruntled client, whose pet goat died in surgery. Mr. Bosma's political affiliations were counter enough to the political establishment that every agency possible was engaged to harass Petitioner, and Mr. Bosma.
6. Although Mr. Bosma prevailed with the disgruntled client's owner in administrative actions, the local DA also brought Criminal charges. Mr. Bosma and Petitioner prevailed here also.
7. After prevailing within the Administrative and Criminal proceedings, Petitioner and Mr. Bosma had to go several more rounds with the licensing authorities necessary to maintain the Veterinary Practice as well as a civil action with the disgruntled client.
8. After winning every round, Petitioner's principle, Mr. Bosma had a heart attack.

9. The economic strain of the four rounds of legal actions and the heart attack caused Mr. Bosma and Petitioner to rely on alternative book keepers.

10. These book keepers did the best they knew; however the trust fund payments were less than consistent.

11. After Petitioner was faced with a levy action from Defendant, Petitioner's Counsel worked with Respondent's agent Mia from Defendant's Van Nuys, CA office.

12. Defendant's agent hear the merits of Petitioners dilemma and after calculating the payments Petitioner had made, Defendant's Agent Mr. Mia submitted requests for Penalty abatement, interest abatement, as well as a credit for interest earned on over payments by Petitioner.

13. For some reason despite Mr. Mia's submission, on more than one occasion, several of the penalties have not been abated. Mr. Mia and Petitioner's Counsel have been attempting to get this case resolved for over two years; however Respondent's Regional office has rejected a small number of Penalty Abatement requests, as well as nearly all of the Interest Abatement requests.

14. Despite Mr. Mia's and his supervisor's requests, as well as multiple requests by Petitioner's Counsel, the interest on the Abated Penalties has not been removed.

15. The penalties yet to be abated are the following: **Penalties in the amount of**

1st quarter, 2001 civil penalties $ 415.10 941 civil penalty

4th quarters of 2003 $694.58 ftp, interest is $402.34, ftd abated

1st quarter of 2004 $1,484.73, interest $1578.39, ftd abated

3rd quarter of 2004 $394.20, interest $492.89, ftd $1,431.11

4th quarter of 2004 $261.67, interest $211.12, failure to deposit $844.95

16. As of 3/28/06 $24,773.10 still needed to be credited to Petitioner in Abatements, since the accrued interest and failure to pay penalties still need to be reversed off.

17. As of present the items listed out in 15. and the total amount listed in 16 still has not taken place.

18. Defendant's agent Mr. Mia advised Petitioner's Counsel that although recommendations have been made by his office, the regional office is requiring litigation.

19. Once these reversals are made, Petitioner will have an overpayment of at least $24,000.00, which will then require Defendant to pay interest to Petitioner. Therefore Petitioner requests that this court take jurisdiction as to the interest, failure to abate penalties and overpayments. As such Petitioner will be due with more than $24,000 in overpayment.

B. JURISDICTION

20. This case is being brought under the Tucker Act, 28 U.S.C. 1491 (1988), since this case partially revolves around suit for money founded upon (1) the Constitution, (2) an act of Congress, (3) an Executive Order, (4) a Regulation of an Executive Department, or (5) any express or implied--in-fact contract with the United States. Wronged Taxpayers can bring suit under the Tucker act, 28 U.S.C. 1491(a) (1) (1992).

21. The Jurisdiction of the Court is invoked under the authority of 26 USC Sections 7426, and 28.U.S.C.S 149(a) (1) the Big Tucker Act is proper here since the

present amount is greater than $10,000.00, relating to the jurisdiction of the Court of Claims.

22. In Amoco, the Court of Federal Claims advised it had jurisdiction to hear a claim for statutory interest, and that the claim procedures of IRC 7422(a) were not required. Petitioner argues they can similarly file a claim for statutory interest.

23. In Citadel Industries Inc v. United States, the Court of Federal Claims assumed subject matter jurisdiction for interest alone. Petitioner believes that also under Citadel, this court has jurisdiction.

24. This case solely involves the taking of money and the return of that money, as well as interest on that money. As such, the Court of Federal Claims is the proper forum.

C COURT REVIEW OF DEFENDANT'S ACTIONS

25. This Court can review actions of the IRS. This review may be performed under the standards of the Administrate Procedure Act which looks to determine if the following activities have taken place: (arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and unsupported by substantial evidence on the whole record; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law) in the U.S. Court of Federal Claims 28.U.S.C.S 1346 (a)(2) ("Little Tucker Act) and 28.U.S.C.S 149(a)(1) (" Big Tucker Act').

26. Jurisdiction in the U.S. Court of Federal Claims is possible since there exists

more than $100,000.00 Defendant is attempting to collect from Petitioners.

D. WAIVER OF SOVERIGN IMMUNITY

27. The Tucker Act grants authority of the Federal Court of Claims to hear these cases, as well as provides a waiver of sovereign immunity.

E. VENUE

28. The Tucker Act provides that the Court of Claims is the proper venue.

F. STATUTE OF LIMITATIONS

29. Petitioner's wrongful interest he is complaining of has taken place in the last six years, therefore on 11/9/2006 pursuant to 2501 of Title 28, USC. a claim for just compensation has been instituted within six years of the "accrual" of the claim.

G. PARTIES

30. Petitioners are All Creatures Veterinary Service Inc., EIN 95-3944238 whom is located at 43619 N Sierra Hwy, Lancaster, CA 93534. The Defendant is the United States of America, represented by the Department of Justice acting through the Commissioner of the Internal Revenue Service.

H. DAMAGES OBTAINABLE AGAINST THE DEFENDANT

31. IRC 7433(a) (b) allows $100,000. In civil damages caused by an officer of employee of the Service who negligently disregards provisions of the Code or regulations in connection with the collection of federal tax. When internal recommendations for penalty, and interest abatement have been made and not followed by a mid level representative of Defendant, despite law and regulations

calling for such action; failure to follow the law and Defendant's own internal recommendations allows for a IRC 7433 (a) claim.

I. BURDEN OF PRODUCTION SHIFTS REGARDING THE APPROPRIATNESS OF PENALTIES.

32. IRC Section 7491(C) provides that the IRS shall have the burden of production in a court proceeding related to the appropriateness of applying any penalties, additions to tax, and additional amounts imposed by the Internal Revenue Code on the taxpayer. Given that the majority of the claimed liability Defendant has yet to abate is penalties and interest, Defendant has the burden of production to show the appropriateness of these penalties, and additions to tax. Defendant has not met their burden.

J. CONSTITUTIONAL VIOLATIONS

33. Petitioners have been denied their Due Process rights under both the Fourteenth and Fifth Amendments, when Petitioners were denied their respective settlement agreements without being provided a proper hearing, when internal recommendations for Defendant is and has been consistent with Petitioner's requests, yet mid level representatives of Defendant have not followed the rulings made by Defendant's agents Mr. Mia nor his supervisor, to the detriment of Petitioner.

I. COSTS

34. Costs may be awarded by the Court of Federal Claims in tax cases as in other cases. Section 7430 of Title 26, USC provides for an award of costs in tax cases. This is the tax version of the EAJA.

J. DAMAGES

35. Petitioner is being faced with interest accruing against it, when in fact a refund with interest is due Petitioner.

INTEREST

36. Under Section 301.6402-2(f) (2) of the regulations of the Department of the Treasury provides for interest to be sent to Petitioner's Counsel. Accrued interest is available under 26 U.S.C. Section 6402(1994).

K. REQUEST FOR RELIEF

37. Petitioner and Petitioner's Owner request the return of the overpayment, abatement of penalty, abatement of interest, the accrual of interest on the overpayment, as well as legal fees.

Attorney fees in tax cases can be obtained under IRS Section 7430, and EAJA.

Respectfully submitted,

Jeffrey D. Moffatt, Attorney
(661) 945-6121 / Fax (661) 945-3019
43625 N Sierra Hwy, Suite A.
Lancaster, CA 93534
E-mail Address: jeffreymbajd@hotmail.com
Attorney for Petitioner: All Creatures Veterinary Services Inc